Michael J. Lyons (CA Bar No. 202284)
Andrew J. Wu (CA Bar No. 214442)
Stacey E. Stillman (CA Bar No. 197459)
Dieter H. Hellmoldt (CA Bar No. 221498)
PENNIE & EDMONDS LLP
3300 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 493-4935
Facsimile: (650) 493-5556

Attorneys for Plaintiff,
LUMILEDS LIGHTING U.S., LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUMILEDS LIGHTING U.S., LLC,<br><br>Plaintiff,<br><br>v.<br><br>EPISTAR CORPORATION,<br><br>Defendant. | NO. C 02-05077 CW (PVT)<br><br>**REDACTED LUMILEDS LIGHTING U.S., LLC'S OPPOSITION TO EPISTAR CORPORATION'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST SET OF INTERROGATORIES**<br><br>Date: December 16, 2003<br>Time: 10:00 a.m.<br>Judge: Hon. Patricia V. Trumbull |

DOCUMENT FILED UNDER SEAL

PURSUANT TO CIVIL L.R. 79-5

LUMILEDS' OPPOSITION TO
EPISTAR' MOTION TO COMPEL
CASE NO. C 02-05077 CW (PVT)

CA1: 362485.1

Plaintiff Lumileds Lighting U.S., LLC ("Lumileds") hereby opposes the Motion to Compel Further Responses to Its First Set of Interrogatories ("Motion") filed by Defendant Epistar Corp. ("Epistar") on November 11, 2003.

## I. INTRODUCTION

Epistar's Motion is an unnecessary and improper demand for irrelevant and unduly burdensome discovery. First, Epistar demands discovery regarding even those claims for which Lumileds has not asserted infringement by Epistar. Since Epistar does not suggest that it has any intention of making products that infringe those claims, there is no case or controversy regarding these claims at this time and, thus, the discovery sought is not relevant. Second, Epistar contends that Lumileds' response that conception and reduction to practice took place "on or about July or August 1989" in insufficiently specific. To the contrary, Lumileds should not be asked to form any more specific contentions at this early stage in the case. Third, Epistar complains that Lumileds has identified too may documents showing its dates of conception and reduction to practice. Since all of the identified documents -- even those created in the months immediately following the invention -- all evidence the dates of conception and reductions to practice, Lumileds has simply provided Epistar with what it has requested. Fourth, Epistar complains that Lumileds has not identified enough people present or involved in the invention even though Epistar offers no evidence that Lumileds' response is incomplete. Finally, Epistar demands identification of <u>all</u> facts Lumileds obtained during its Rule 11 pre-filing investigation, even though Lumileds has identified a mountain of facts that sufficiently support its contentions, including Epistar's product catalogs, Epistar's patents, the settlement negotiations between the parties in which Epistar described its products, the presentations that Epistar provided during those negotiations, and **REDACTED**

## II. BACKGROUND

On September 27, 2003, Epistar served its First Set of Interrogatories ("Interrogatories") on Lumileds. (Salik Declaration in Support of Epistar's Notice of Motion and Motion to Compel Further Responses to its First Set of Interrogatories ("Salik Decl.), Ex. 1). On October 27, 2003,

Lumileds served its responses to Epistar's Interrogatories. (Salik Decl., Ex. 2). Epistar's three interrogatories, and Lumileds' responses, are as follows:

INTERROGATORY NO. 1:

With respect to the claimed invention of the '718 patent please:

(a) State the date of conception of the claimed invention;

(b) Identify all persons present or involved in the conception of the claimed invention;

(c) Identify all documents which specifically support the date of conception of the claimed invention.

RESPONSE TO INTERROGATORY NO. 1:

Lumileds objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially with respect to the phrases "date of conception of the claimed invention," "present or involved in the conception of the claimed invention," and "all documents which specifically support the date of conception of the claimed invention." Lumileds further objects to subpart (c) of this interrogatory as unduly burdensome to the extent that it seeks identification of "all documents" rather than documents sufficient to establish the date of conception of the claimed invention.

Subject to and without waiving these objections or its general objections, Lumileds responds that the date of conception of the subject matter of each of claims 1, 3, 5, 6, 7, 8, 10, 12, 13, and 14 of the '718 patent took place in or about July or August 1989 in connection with research relating to AlGaInP LEDs being conducted by Robert M. Fletcher, Chihping Kuo, Timothy D. Osentowski, and Virginia M. Robbins at the facilities of Hewlett-Packard Company. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Lumileds further responds that documents responsive to this interrogatory have been made available by both Lumileds and Epistar. Responsive documents include, for example, these documents bearing the following production numbers: LLEP-001059-002196, LLEP-002539-002800, and LLEP-010455-011295.

INTERROGATORY NO. 2:

With respect to the claimed invention of the '718 patent please:

(a) State the date of the actual reduction to practice of the claimed invention;

(b) Identify all persons present or involved in the actual reduction to practice of invention;

(c) Identify all documents specifically supporting the date of actual reduction to practice of the claimed invention;

(d) Identify all documents supporting any position that there was diligence between the conception and the actual reduction to practice of the claimed invention.

RESPONSE TO INTERROGATORY NO. 2:

Lumileds objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially with respect to the phrases "actual reduction to practice of the claimed invention," "present or involved in the actual reduction to practice of the invention, "all documents specifically supporting the date of actual reduction to practice of the claimed invention," and "documents supporting any position that there was diligence between the conception and the actual reduction to practice of the claimed invention." Lumileds further objects to subparts (c) and (d) of this interrogatory as unduly burdensome to the extent that they seek identification of "all documents" rather than documents sufficient to establish the date of reduction to practice of the claimed invention and the diligence employed between the conception and actual reduction to practice of the claimed invention. Lumileds further objects to this interrogatory as calling for information subject to the attorney-client privilege and/or attorney work product.

Subject to and without waiving these objections or its general objections, Lumileds responds that the first reduction to practice of the subject matter of each of claims 1, 3, 5, 6, 7, 8, 10, 12, 13, and 14 of the '718 patent took place in or about July or August 1989 in connection with research relating to AlGaInP LEDs being conducted by Robert M. Fletcher, Chihping Kuo, Timothy D. Osentowski, and Virginia M. Robbins at the facilities of Hewlett-Packard Company. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Lumileds further responds that documents responsive to this interrogatory have been made available by both Lumileds and Epistar. Responsive documents include, for example, these documents bearing the following production numbers: LLEP-001059-002196, LLEP-002539-002800, and LLEP-010455-011295.

INTERROGATORY NO. 3:

Please identify each fact which supports each contention contained in Lumileds' *Disclosure of Asserted Claims and Preliminary Infringement Contentions Pursuant to Patent L.R. 3-1*, including identification of all documents supporting each contention contained in Lumileds' *Disclosure of Asserted Claims and Preliminary Infringement Contentions Pursuant to Patent L.R. 3-1*.

RESPONSE TO INTERROGATORY NO. 3:

Lumileds objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of new admissible evidence, especially with respect to the phrases "each fact which supports each contention" and "documents supporting each contention." Lumileds further objects to this interrogatory as vague, ambiguous, overbroad and unduly burdensome to the extent that it seeks to impose obligations that are inconsistent with the requirements of the Patent Local Rules. Lumileds objects that this interrogatory is a premature contention interrogatory. Lumileds further objects that this interrogatory is premature prior to the Court's construction of the asserted claims and prior to the time specified for expert discovery in the case.

LUMILEDS' OPPOSITION TO
EPISTAR' MOTION TO COMPEL
CASE NO. C 02-05077 CW (PVT)                           - 3 -

CA1: 362485.1

Subject to and without waiving these objections or its general objections, Lumileds responds pursuant to Rule 33(d) of the Federal Rules of Civil Procedure that facts sufficient to support each contention contained in Lumileds' *Disclosure of Asserted Claims and Preliminary Infringement Contentions Pursuant to Patent L.R. 3-1* dated August 4, 2003 ("Lumileds' Infringement Contentions") are clearly stated in Lumileds' Infringement Contentions, including the documents referenced therein. Lumileds further responds pursuant to Rule 33(d) that additional facts supporting each contention in Lumileds' Infringement Contentions are found within and throughout, among other sources: documents produced by Lumileds, including documents bearing the following production numbers: LLEP-000001-000007, LLEP-000044-000093, LLEP-000241-244, LLEP-000353-000425, LLEP-010455-11295, and LLEP-024626-024647; documents produced by Epistar, including documents bearing production numbers EPI00621-00761; Epistar Corporation's Second Supplemental Responses to Lumileds Lighting U.S., LLC's First Set of Interrogatories (Nos. 1-15) dated September 8, 2003; the settlement negotiations between Epistar and Lumileds, including presentations given by Epistar to Lumileds describing Epistar's products; and Lumileds' Preliminary Claim Construction Pursuant to Patent L.R. 4-2 dated October 27, 2003, including all extrinsic evidence referred to or relied on therein.

On Wednesday, November 5, 2003, the parties' counsel met and conferred regarding the interrogatories. (Wu Decl., Exs.1 and 2). This was the first time Epistar identified its specific concerns regarding Lumileds' responses. Lumileds agreed to consider Epistar's requests, and stated that Lumileds would respond as soon as reasonably possible. (Wu Decl., Ex. 3, at 2-3)). The <u>next</u> day, on November 6, 2003, Epistar sent letters demanding answers to the issues raised the day before. (Wu Decl., Exs. 4, 5 and 6). Despite Lumileds' assurances that it was investigating Epistar's assertions (Wu Decl., Ex 3., at 3), Epistar filed its Motion the following Tuesday November 11, 2003, less than one week after raising its concerns for the first time.

### III. ARGUMENT

#### A. Epistar is Improperly Seeking Discovery on Unasserted Claims.[1]

Epistar seeks discovery related to the unasserted claims of the '718 patent. (Motion at 5:7-8). Such discovery is irrelevant because Lumileds has not asserted that Epistar is infringing these claims. Specifically, Lumileds Patent L.R. 3-1 Preliminary Infringement Contentions asserts infringement only of claims 1, 3, 5, 6, 7, 8, 12, 13, and 14 (Wu Decl., Ex. 7). To justify

---

[1] As a threshold matter, Epistar's Motion is improper under Civil L.R. 37-1(a), which requires a moving party to meet and confer before filing a discovery motion. Epistar filed its Motion less than a week after raising its concerns for the first time, and refused to allow Lumileds a reasonable opportunity to review and consider Epistar's demands.

its demand for this discovery, Epistar contends that this information supports its Declaratory Judgment Counterclaims for invalidity, non-infringement and unenforceability, which are directed toward all of the claims of the patent-in-suit. (Motion at 5:8-10). Discovery regarding unasserted claims, however, is irrelevant, because there is no actual controversy as to the unasserted claims. As discussed below, Epistar cannot meet its burden of showing a reasonable apprehension of suit of the unasserted claims. Further, Epistar does not demonstrate or even argue that it is producing or preparing to produce products from which Lumileds may subsequently be accused of infringing the unasserted claims. Discovery regarding the unasserted claims is irrelevant, because there is no case or controversy regarding those claims. 28 U.S.C. § 2201(a) (requiring an actual case or controversy to support declaratory judgment claims). The party seeking a declaratory judgment has the burden of establishing a case or controversy). *Cardinal Chemical Co. v. Morton Int'l, Inc.,* 508 U.S. 83, 95 (1993). In general, to show that there is an actual controversy, the declaratory judgment plaintiff must show that: (1) the patentee's conduct created an objectively reasonable apprehension that the patentee would sue the declaratory judgment plaintiff; and (2) the declaratory judgment plaintiff is producing or prepared to produce an infringing product. *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 811 (Fed. Cir. 1996). The existence of an actual controversy must be evaluated on a patent-by-patent and claim-by-claim basis. *Jervis B. Webb Co. v. Southern Systems, Inc.*, 742 F. 2d 1388, 1399 (Fed. Cir. 1984).

      Epistar has no reasonable apprehension of suit regarding the unasserted claims. Lumileds has only asserted infringement of claims 1, 3, 5, 6, 7, 8, 12, 13, and 14 in its Patent L.R. Rule 3-1 Disclosure. (*See* Wu Decl., Ex. 7). Furthermore, dependent claims 2, 4, 9, and 11 recite AlGaInP LEDs comprising window layers of either gallium arsenic phosphide ("GaAsP") or aluminum gallium arsenide ("AlGaAs"). Lumileds has not asserted, in its Patent L.R. 3-1 Disclosure, that Epistar makes any such products. Epistar has not alleged that it makes such products, or that it is preparing to make such products. Therefore, Epistar fails to meet both

requirements of the "actual controversy" test. Unless and until Epistar produces the requisite evidence, discovery regarding these unasserted claims is irrelevant to this action.

**B.  Epistar's Demand for a More Specific Date of Conception and Reduction to Practice is Overly Burdensome Given the Early Stage of the Case.**

Epistar demands that Lumileds provide a more specific date of conception and reduction to practice in response to Interrogatory Nos. 1 and 2. (Motion at 6:16-17). This is despite the fact that Lumileds has narrowed a mere two-month range for these dates, and that Epistar has shown no prejudice associated with the narrow date range provided by Lumileds.

Lumileds has provided sufficiently specific identification of the dates of its conception and reduction to practice. Lumileds' responses to Interrogatory Nos. 1 and 2 state that the dates of conception and first reduction to practice of the subject matter of each of claims 1, 3, 5, 6, 7, 8, 10, 12, 13, and 14 of the '718 patent took place in or about July or August 1989. This identification is appropriately specific.[2] The present action is still in its early stages, and the claims of Lumileds' '718 patent have not yet been construed. Lumileds should not be required to form a more precise contention regarding the dates of conception and reduction to practice until after discovery on these issues has been completed.

Epistar has shown no prejudice resulting from the two-month range provided by Lumileds. This response provides more than enough specificity for Epistar to focus its discovery efforts and to investigate potential prior art. And while Epistar claims that Lumileds "is attempting to avoid identify [sic] of its proofs," Epistar offers no support for that assertion. (Motion at 6:2-3). Epistar has never disputed that it has received the entire documentary record for the conception and reduction to practice of asserted claims, including the record from all of July and August 1989.

---

[2] While Epistar contends that the two month window Lumileds has identified is not sufficiently specific, Epistar has provided much less specificity in its responses to Lumileds' interrogatories. For example, in response to Lumileds Interrogatory No. 7, which requests the earliest date when Epistar was aware of Lumileds' 718 patent, Epistar provided an open-ended range: "by at least September 1996." (Wu Decl., Ex. 8, at 23:25) (emphasis added).

### C. Lumileds has Identified the Documents Requested in Epistar's Interrogatories 1 and 2.

Lumileds has identified the documents supporting the date of conception and actual reduction to practice, as requested by Epistar in its Interrogatories 1 and 2. Epistar's Interrogatory Nos. 1 and 2 request identification of "all documents which specifically support" the dates of conception and reduction to practice. Lumileds objected to this interrogatory because "specifically support" is vague and ambiguous, and because its request for "all documents" supporting the dates was unduly burdensome. In response to the requests of Epistar's Interrogatory Nos. 1 and 2 for a specific identification of documents supporting the date of conception and actual reduction to practice of the claimed invention of the patent-in-suit, Epistar asserts that Lumileds identified documents that were generated between July 1989 and December 1989. (Motion at 6:21-24). Epistar asserts that such a broad range of documents is improper. (*Id.* at 6:28). To support its assertion that the range of documents should be narrowed, Epistar argues that "a document generated in December 1989 simply <u>cannot support a date of conception</u> of July or August 1989." This assertion is simply illogical. Research records created in December can certainly be evidence of the research that was conducted in July or August. Lumileds has produced the documents that support of the dates of conception and reduction to practice, and Epistar's complaints about the volume of documents identified are simply the result of Epistar's own vague and overly broad interrogatory.

### D. Lumileds is Willing to Allow Epistar to Inspect the Originals of Documents Identified in Response to Interrogatory Nos. 1 and 2

Although Lumileds does not agree that there are any inconsistencies in its records of the conception and reduction to practice, Lumileds has never objected to allowing Epistar to inspect the original documents identified in response to interrogatories 1 and 2. Lumileds is in the process of locating and retrieving the originals from its archives. When these documents are ready for inspection, Lumileds will contact Epistar to arrange a mutually agreeable time and procedure for inspection.

### E. Lumileds has Identified The Relevant Persons Present or Involved in Conception of the Asserted Invention; Lumileds will Endeavor to Identify Additional People Present or Involved in Reduction to Practice

Lumileds has identified the inventors as the relevant individuals present during the conception and reduction to practice of the asserted claims of the '718 patent. With regard to conception, which Epistar defines as "formation in the mind of the inventor," since no one other than the named inventors were involved in conception, there is no one else to identify. Further, Lumileds has objected to the interrogatories' request for identification of persons "involved" in conception or reduction to practice as vague and ambiguous. (Salik Decl., Ex. 2, at 5:14-15 and 6:17). Nonetheless, Lumileds will further investigate whether anyone other than the inventors was "involved or present" in the reduction to practice of the invention.

### F. Lumileds Has No Duty to Further Identify Facts Obtained During its Rule 11 Pre-Filing Investigation, Other Than Those Already Provided

Epistar's Interrogatory No. 3 is another misguided and improper attempt by Epistar to obtain the privileged information concerning Lumileds' Rule 11 pre-filing investigation. As this Court has already recognized, Lumileds has provided Epistar with sufficient support for Lumileds' Preliminary Infringement Contentions. The additional discovery Epistar now seeks is not required either by the Patent Local Rules or by Rule 11 disclosure.

Epistar erroneously asserts that Lumileds has "failed to identify any of the facts obtained during its Rule 11 pre-filing investigation" in Lumileds' response to Epistar's Interrogatory No. 3. (Motion at 8:14-15). Interrogatory No. 3 asks for an identification of all facts supporting Lumileds' Preliminary Infringement Contentions. Contrary to Epistar's assertion, Lumileds' response does identify facts sufficient to support the contentions in Lumileds' Patent L.R. 3-1 Disclosures:

> Subject to and without waiving these objections or its general objections, Lumileds responds pursuant to Rule 33(d) of the Federal Rules of Civil Procedure that facts sufficient to support each contention contained in Lumileds' *Disclosure of Asserted Claims and Preliminary Infringement Contentions Pursuant to Patent L.R. 3-1* dated August 4, 2003 ("Lumileds' Infringement Contentions") are clearly stated in Lumileds' Infringement Contentions, including the documents referenced therein. Lumileds further responds pursuant to Rule 33(d) that

> additional facts supporting each contention in Lumileds' Infringement Contentions are found within and throughout, among other sources: documents produced by Lumileds, including documents bearing the following production numbers: LLEP-000001-000007, LLEP-000044-000093, LLEP-000241-244, LLEP-000353-000425, LLEP-010455-11295, and LLEP-024626-024647; documents produced by Epistar, including documents bearing production numbers EPI00621-00761; Epistar Corporation's Second Supplemental Responses to Lumileds Lighting U.S., LLC's First Set of Interrogatories (Nos. 1-15) dated September 8, 2003; the settlement negotiations between Epistar and Lumileds, including presentations given by Epistar to Lumileds describing Epistar's products; and Lumileds' Preliminary Claim Construction Pursuant to Patent L.R. 4-2 dated October 27, 2003, including all extrinsic evidence referred to or relied on therein.

(Salik Decl., Ex. 2, at 7:25-8:13). Lumileds has therefore identified the settlement negotiations between the parties and presentations given by Epistar during those negotiations in which Epistar described its products. Further, the documents identified by Lumileds include, among other things, Epistar's product catalog (EPI 000621-000761), the handout from one of Epistar's presentations (LLEP 000044-93), Epistar's patents which describe Epistar's commercial products according to the presentation (LLEP 000073-93), Lumileds'

(LLEP 024626-024647), and the pleadings, such as the claim construction order, from the UEC Case. Indeed, Lumileds REDACTED provides significant detail about the infringing features of the accused products. Thus, Lumileds has clearly provided a sufficient response.[3]

Further, this Court recently rejected Epistar's position that Lumileds is obligated to disclose all facts obtained during its pre-filing investigation. In its November 25, 2003 Order Denying Defendant's Motion to Strike Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions the court ruled:

> Nor does *Network Caching* support Defendant's argument that a patent holder must disclose *all* facts learned during its pre-filing investigation. The court there

---

[3] Similarly, Epistar incorrectly asserts that "none of the facts or documents identified by Lumileds demonstrate a determination of the relative resistivity or bandgap of the various layers of Epistar's LED products." (Motion at 9:1-3). Not only do the documents, including Epistar's patents and the UEC pleadings, address the bandgaps and resistivities, but they disclose ample information regarding the composition and doping of the materials, from which the bandgap and resistivity may be determined.

held only that the patent holder "must provide in its PICs the *relevant* facts it obtained in its prefiling inquiry." *Id.* at *4 (emphasis added in original). The "relevant" facts are those called for by Patent Local Rule 3-1.

Rule 3-1 does not require Plaintiff to provide a thorough account if its infringement contentions. The rule requires only that Plaintiff provide: an identification of the asserted claims and instrumentalities; a chart stating where each element of the asserted claims is found within each accused instrumentality; a statement of whether each element is literally present or is present by doctrine of equivalents; an identification of any priority date to which each asserted claim is entitled; and the identity of any instrumentality which practices the claimed invention upon which the patent holder intends to rely for any purpose. *Plaintiff's disclosures sufficiently provides that information.* (emphasis added).

(Order Denying Defendant's Motion to Strike Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions, at 2:17-3:4). Lumileds' response to Interrogatory No. 3 not only provides all of the information required under the patent local rules, it goes beyond that information, including voluminous further information under Rule 33(d). Accordingly, Lumileds should not be required to provide any further information.

## IV. CONCLUSION

For all the foregoing reasons, Epistar's Motion to Compel Discovery should be denied in its entirety.

Dated: December 2, 2003

Respectfully submitted,

_____
Michael J. Lyons (CA Bar No. 202284)
Andrew J. Wu (CA Bar No. 214442)
Stacey E. Stillman (CA Bar No. 197459)
Dieter H. Hellmoldt (CA Bar No. 221498)
PENNIE & EDMONDS LLP
3300 Hillview Avenue
Palo Alto, California 94304
(650) 493-4935

Attorneys for Plaintiff,
Lumileds Lighting U.S., LLC

LUMILEDS' OPPOSITION TO
EPISTAR' MOTION TO COMPEL
CASE NO. C 02-05077 CW (PVT)

- 10 -

CA1: 362485.1

# CERTIFICATE OF SERVICE

I am employed in the City of Palo Alto, County of Santa Clara, State of California, I am over the age of 18 years and not a party to the within action. My business address is 3300 Hillview Avenue, Palo Alto, California 94304. On December 2, 2003, I caused copies of the attached document(s) described as follows:

**LUMILEDS LIGHTING LLC'S OPPOSITION TO EPISTAR CORPORATION'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST SET OF INTERROGATORIES**

**DECLARATION OF ANDREW J. WU IN SUPPORT OF LUMILEDS LIGHTING U.S., LLC'S OPPOSITION TO EPISTAR CORPORATION'S MOTION TO COMPEL RESPONSES TO ITS FIRST SET OF INTERROGATORIES**

to be electronically filed in the Court's ECF system and served on:

> Robert C. Weiss, Esq.
> Lawrence R. LaPorte, Esq.
> Omer Salik, Esq.
> JONES DAY
> 555 West Fifth Street, Suite 4600
> Los Angeles, California 90013-1025
> Fax: 213-243-2539

☐ (BY OVERNIGHT DELIVERY) I caused each such envelope to the addressee(s) noted above, with charges fully prepaid, to be sent by overnight delivery from Palo Alto, California. I am readily familiar with the practice of Pennie & Edmonds LLP for collection and processing of correspondence for overnight delivery, said practice being that in the ordinary course of business, mail is placed with the overnight delivery service on the same day as it is placed for collection.

☒ (BY FIRST CLASS MAIL) I caused each such envelope to the addressee(s) noted above, with postage thereon fully prepaid, to be placed in the United States mail in Palo Alto, California. I am readily familiar with the practice of Pennie & Edmonds LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business mail is deposited in the United States Postal Service the same date as it is placed for collection.

☐ (BY PERSONAL SERVICE) The person whose name is noted below caused to be delivered by hand each such envelope to the addressee(s) noted above.

☐ (BY FACSIMILE) The person whose name is noted below caused to be transmitted by facsimile each such document to the addressee(s) noted above.

☒ (BY ELECTRONIC MAIL) The person whose name is noted below caused to be transmitted by electronic mail each such document to the addressee(s) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Palo Alto, California, on December 2, 2003.

James H. Phan