# JONES DAY

555 WEST FIFTH STREET, SUITE 4600

LOS ANGELES, CALIFORNIA 90013-1025

TELEPHONE: (213) 489-3939 • FACSIMILE: (213) 243-2539

Direct Number:
213-243-2298
llaporte@jonesday.com

JP003872
659944-600001

December 3, 2003

Hon. Patricia V. Trumbull
United States District Court
Northern District of California
Courtroom 5, 4th Floor
280 South 1st Street
San Jose, California 95113

          Re:  <u>Lumileds Lighting U.S., LLC v. Epistar Corporation,</u>
                <u>Case No. C 02-5077 CW (PVT)</u>

Dear Judge Trumbull:

      We have received your Order dated November 25, 2003, regarding the Motion to Compel a 30(b)(6) deposition of Plaintiff and specifically your requirement that we report back to the Court no later than December 3, 2003 regarding further efforts by the parties to agree to a procedure for efficiently obtaining information regarding Plaintiff's documents.

      On December 2, 2003, the parties met and conferred pursuant to your Order. At that meet and confer, Defendant Epistar agreed to significantly reduce the number of documents that would be used for examination of the 30(b)(6) deponent. This reduction in the number of documents reflected Defendant's effort to resolve the controversy and still provide sufficient information to permit the efficient taking of the inventor depositions at a later date.

      The enclosed letter dated December 2, 2003[1] reflected our efforts to significantly reduce the number of documents for examination. We attempted to focus on what we understand to be the most relevant time period and identified documents whose date fell within that period of time. This narrows the scope of the Rule 30(b)(6) deposition considerably. However, these efforts apparently do not satisfy counsel for Lumileds. In response to our December 2nd letter, we received a letter dated December 3, 2003 (also enclosed) from Plaintiff's counsel which appears to indicate that Lumileds wants to restrict the scope of the Rule 30(b)(6) deposition to technical documents which counsel for Epistar is unable to understand.

---

[1] Because Lumileds has previously asserted that any listing of its documents reveals Lumileds' confidential information, Epistar has enclosed a redacted version of its December 2 letter. Epistar will forward the Court a non-redacted version of this letter at the Court's request.

LAI-2076792v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MUMBAI • MUNICH • NEW DELHI • NEW YORK
PARIS • PITTSBURGH • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

December 3, 2003
Page 2

      There is no legal basis for the arbitrary restrictions being demanded by counsel for Lumileds. The legitimate scope of a Rule 30(b)(6) deposition clearly extends beyond a mere technical explanation of documents which are not understood. The significance of a document, even if it is understood technically, is clearly the proper subject of testimony, as well as, for example, why a certain document was created, the maintenance of a document as a business record and other foundational issues, the purposes for which the document was created and how the document relates to the issues in the litigation.

      Sincerely,

      Lawrence LaPorte

LRL:ygy
Enclosures

LAI-2076792v1

JONES DAY

December 3, 2003
Page 3

## PROOF OF SERVICE

I, Omer Salik, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 West Fifth Street, Suite 4600, Los Angeles, California 90013-1025. On December 3, 2003, I served a copy of the within document(s):

> EPISTAR CORPORATION'S LETTER BRIEF PURSUANT TO NOVEMBER 25, 2003 ORDER AND ENCLOSURES THERETO

- [x] by transmitting via email the document(s) listed above to the email addresses set forth below on this date.

- [x] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

- [ ] by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for overnight delivery.

- [ ] by having the document(s) listed above personally delivered to the person(s) at the address(es) set forth below.

> Michael J. Lyons, Esq.
> Andrew J. Wu, Esq.
> Deiter H. Hellmoldt
> PENNIE & EDMONDS LLP
> 3300 Hillview Avenue
> Palo Alto, CA 94304
> lyonsm@pennie.com, wua@pennie.com,
> dhellmoldt@pennie.com

LAI-2076792v1

JONES DAY

December 3, 2003
Page 4

      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed this 3rd day December 2003, at Los Angeles, California.

      By: /s/ Omer Salik
            Omer Salik

LAI-2076792v1