1   Robert C. Weiss (SBN 39929)
    Lawrence R. LaPorte (SBN 130003)
2   Omer Salik (SBN 223056)
    JONES DAY
3   555 West Fifth Street, Suite 4600
    Los Angeles, CA  90013-1025
4   Telephone:    (213) 489-3939
    Facsimile:    (213) 243-2539
5
    Attorneys for  Defendant and Counterclaim Plaintiff
6   EPISTAR CORPORATION

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                          OAKLAND DIVISION

11

12   **LUMILEDS LIGHTING U.S., LLC,**          **Case No. C 02-5077 CW (PVT)**

13              **Plaintiff,**                 **EPISTAR CORPORATION'S**
                                               **MEMORANDUM IN SUPPORT OF**
14        **v.**                               **PROPOSED DATE FOR LUMILEDS**
                                               **LIGHTING U.S. LLC'S PRODUCTION OF**
15   **EPISTAR CORPORATION,**                  **DOCUMENTS**

16              **Defendant.**
                                               **Judge:        The Hon. Patricia V.  Trumbull**
17

18

19

20

21

22

23

24

25

26

27

28

1     Pursuant to the Court's November 25, 2003 Order re Defendant's Motion to Compel

2  Production of Documents and Things ("Order"), Epistar Corporation ("Epistar") submits this brief

3  in support of its proposal for the date of production of Lumileds Lighting U.S. LLC's

4  ("Lumileds") documents.

5  **I.       INTRODUCTION AND BACKGROUND**

6     On November 25, 2003, this Court issued its Order granting Epistar's Motion to Compel

7  with respect to several of Epistar's document requests.  Those document requests on which the

8  Court granted Epistar's Motion to Compel were directed, in part, towards 1) documents relating to

9  the validity and enforceability of the patent in suit, 2) documents relating to products that

10 Lumileds contends embody the claimed subject matter of the patent at issue, 3) documents

11 relating to the prosecution of the patent at issue, 4) documents relating to prior art, 5) publications

12 authored by the named inventors of the patent at issue, and 6) documents relating to Lumileds'

13 settlement with Citizen and Cecol.  The Court directed the parties to attempt to agree on a date for

14 production of Lumileds' documents by December 5 and requested that the parties submit their

15 proposed date for production should the parties not reach an agreement.

16    On December 4, 2003, the parties held a teleconference regarding the date of production

17 of Lumileds' documents.  Epistar proposed a date of production of December 12, 2003 and

18 confirmed its proposal and explanation thereof in a December 5 letter.  (Attached hereto as

19 Exhibit 1)  Lumileds proposed a date for the completion of Lumileds' production by January 9,

20 2004.

21    Epistar's counsel explained to Lumileds' counsel that Lumileds' proposed January 9, 2004

22 date of production was unworkable, because of the imminent December 17 cutoff on claim

23 construction discovery.  Lumileds also refused to stipulate to an extension of this cutoff.[1]  Epistar

24 _____

[1] The parties have agreed to a 2:00 p.m. deadline today for filing briefs on this matter.  At

25 4:45 p.m. yesterday (Friday evening), Lumileds sent a letter materially altering its position with

respect to an extension for the claim construction deadlines, and for the first time, offered a thirty (30)

26 day extension for filing deadlines and a forty-five (45) day extension for the discovery cutoff.  For the

past several weeks, Lumileds has refused to stipulate to any extension of the claim construction

27 deadlines.  Indeed, during the parties' December 4, 2003 meet and confer, Lumileds again refused to

extend the claim construction deadlines and stated that the parties should "wait to see what Judge

28 Wilken orders."  Lumileds' newly offered extension would extend the claim construction discovery

cutoff to Saturday, January 31, 2004.  Under Lumileds' proposal, this would provide less than twenty-

1   further explained that many of the documents responsive to the requests granted by the Court

2   should already be in Lumileds' counsel's possession, because 1) Lumileds has already engaged in

3   prior litigation over the patent in suit and 2) Lumileds' counsel negotiated the settlement with

4   Citizen and Cecol.[2]  Lumileds' counsel did not deny that many of the responsive documents were

5   in the firm's possession.

6          Epistar's counsel repeatedly asked Lumileds' counsel for an explanation as to why

7   Lumileds could not complete its production prior to January 9, 2004.  In response, Lumileds'

8   counsel simply stated that the "holiday season" was approaching, that certain, unidentified

9   persons would be taking "vacations" and that document production, in general, is a difficult task.[3]

10  Epistar's counsel then invited Lumileds' counsel to identify those specific documents that would

11  be difficult to produce.  No documents were identified.  Epistar's counsel then noted that the

12  holidays are approximately three (3) weeks away.  Lumileds' counsel refused to provide any

13  further explanation of Lumileds' unwillingness to produce documents earlier than Lumileds'

14  proposed date.

15

16

17

18

---

19  (continued…)

20  two (22) days for Epistar to review and take depositions on those documents (which Lumileds
    contends are extensive) prior to the claim construction discovery cutoff.  What is worse, this material

21  change in position occurred only after the Court-ordered meet and confer and only after Lumileds
    realized its position was untenable. This is yet another demonstration of Lumileds' counsel practice of

22  holding meet and confers while unprepared to compromise, which belies the purpose of the meet and
    confer process.

23
    [2] With respect to the documents relating to Lumileds' settlement with Citizen and Cecol,

24  Lumileds' counsel stated that it would not produce such documents.  Epistar's counsel explained that
    the Court's Order clearly requires the production of such documents.

25
    [3] Early Saturday morning (today), we learned that Lumileds "will be entirely shut down for

26  the week of Christmas, and only a few staff…will be working for the week of New Year's Day."
    Lumileds' counsel never stated this during the December 4, 2003 meet and confer.  Rather than

27  attempting to produce Lumileds' responsive documents prior to this alleged two-week shut down,
    Lumileds seeks to postpone production until after the alleged shut down.  Further, this alleged shut

28  down has no bearing on those documents already in the possession of Lumileds' counsel.

Epistar's Brief re Proposed Date for Production
of Documents, C 02-5077 CW (PVT)

**II.      EPISTAR'S PROPOSAL IS BOTH NECESSARY AND REASONABLE.**

Epistar proposes that Lumileds produce responsive document by December 12, 2003. Epistar feels this is necessary in light of the imminent December 17 claim construction discovery cutoff.  Lumileds had refused to stipulate, until this morning, to an extension of this cutoff.  Many of the responsive documents are highly relevant to claim construction issues, such as, for example, documents relating to Lumileds' claim that certain products embody the claimed subject matter of the patent in suit and documents relating to prior art.  Therefore, Epistar believes that Lumileds should produce its documents prior to the December 17 claim construction discovery cutoff.

Further, the 30(b)(6) deposition of Lumileds is <u>currently noticed for December 23, 2003</u>. Many of the responsive documents are pertinent to that deposition.  Therefore, Epistar also feels a December 12 production date is necessary to provide Epistar with adequate time to review these documents in preparation for the 30(b)(6) deposition of Lumileds.

Finally, Epistar feels that a December 12 production date is reasonable.  First, Epistar served its document requests on June 6, 2003.  Accordingly, Lumileds has had over seven (7) months to gather and prepare responsive documents.  Second, many of the responsive documents should already be in Lumileds' counsel's files, because Lumileds has engaged in a previous litigation involving the patent in suit and has retained the same trial counsel in the litigation.  In addition, the documents relating to Lumileds' settlement with Citizen and Cecol should already be in Lumileds' counsel's files, because Lumileds' trial counsel negotiated that settlement.  Thus, Epistar believes that the majority of the responsive documents do not need to be collected from Lumileds, thereby simplifying Lumileds' production process.

**III.      LUMILEDS' PROPOSAL IS UNWORKABLE.**

Epistar's proposal that all responsive documents be produced by December 12, 2003 is reasonable in light of the time Lumileds has had to prepare for the production.  In any event, Lumileds' proposal to postpone the production until next year and after Lumileds "shuts down" for two weeks will prevent Epistar from conducting its claim construction discovery prior to the present Court deadlines.  Further, Lumileds' proposal will prevent Epistar from having access to

Epistar's Brief re Proposed Date for Production
of Documents, C 02-5077 CW (PVT)

1   these documents prior to Lumileds' 30(b)(6) deposition, currently noticed for December 23, 2003.

2   Accordingly, Lumileds' January 9, 2004 proposal for the completion of Lumileds' document

3   production is unworkable.

4   Dated: December 6, 2003                          JONES DAY

5

6

7                                          By: /s/ Omer Salik
                                               Robert C. Weiss (SBN 39929)
8                                              Lawrence R. LaPorte (SBN 130003)
                                               Omer Salik (SBN 223056)
9                                          Attorneys for  Defendant and Counterclaim
                                           Plaintiff
10                                         EPISTAR CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAI-2077316v1
                                         5

1

## PROOF OF SERVICE

2

I, Omer Salik, declare:

3

I am a citizen of the United States and employed in Los Angeles County, California.  I am

4

over the age of eighteen years and not a party to the within-entitled action.  My business address

5

is 555 West Fifth Street, Suite 4600, Los Angeles, California  90013-1025.  On December 6,

6

2003, I served a copy of the within document(s):

7

EPISTAR CORPORATION'S MEMORANDUM IN SUPPORT OF
PROPOSED DATE FOR LUMILEDS LIGHTING U.S. LLC'S PRODUCTION

8

OF DOCUMENTS

9

☒     by transmitting via email the document(s) listed above to the email addresses set
      forth below on this date.

10

11

☒     by placing the document(s) listed above in a sealed envelope with postage thereon
      fully prepaid, in the United States mail at Los Angeles, California addressed as set

12

forth below.

13

☐     by placing the document(s) listed above in a sealed envelope and affixing a pre-
      paid air bill, and causing the envelope to be delivered to a Federal Express agent

14

for overnight delivery.

15

☐     by having the document(s) listed above personally delivered to the person(s) at the

16

address(es) set forth below.

17

Michael J. Lyons, Esq.

18

Andrew J. Wu, Esq.
Deiter H. Hellmoldt

19

PENNIE & EDMONDS LLP
3300 Hillview Avenue

20

Palo Alto, CA  94304
lyonsm@pennie.com, wua@pennie.com,

21

dhellmoldt@pennie.com

22

I declare that I am employed in the office of a member of the bar of this court at whose

23

direction the service was made.

24

Executed this 6th day December 2003, at Los Angeles, California.

25

By: /s/ Omer Salik

26

Omer Salik

27

28

LAI-2077316v1

Epistar's Brief re Proposed Date for Production
of Documents, C 02-5077 CW (PVT)