Michael J. Lyons (CA Bar No. 202284)
Andrew J. Wu (CA Bar No. 214442)
Stacey E. Stillman (CA Bar No. 197459)
Dieter H. Hellmoldt (CA Bar No. 221498)
PENNIE & EDMONDS LLP
3300 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 493-4935
Facsimile: (650) 493-5556

Attorneys for Plaintiff,
LUMILEDS LIGHTING U.S., LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LUMILEDS LIGHTING U.S., LLC,<br><br>Plaintiff,<br><br>v.<br><br>EPISTAR CORPORATION,<br><br>Defendant. | NO. C 02-05077 CW (PVT)<br><br>**LUMILEDS LIGHTING U.S., LLC'S PROPOSED DOCUMENT PRODUCTION SCHEDULE PURSUANT TO THE NOVEMBER 25, 2003 ORDER RE: DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS**<br><br>Judge: The Hon. Patricia V. Trumbull |

Lumileds Lighting U.S., LLC ("Lumileds') submits this brief pursuant to this Court's Order of November 25, 2003 regarding Defendant's Motion to Compel Production of Documents and Things ("Order"). In that Order, Lumileds was ordered to produce certain categories of documents to defendant Epistar Corporation ("Epistar"). Lumileds and Epistar are unable to agree to a schedule for production of the documents. Therefore, pursuant to the Order, Lumileds submits its proposed schedule and arguments in support thereof.

Lumileds proposes to begin its production by December 19, 2003, and to complete it by January 9, 2004. This schedule is necessitated by the numerous categories of documents addressed in the Order, as well as by the upcoming holidays. The Court ordered Lumileds to gather and produce documents in response to thirteen different requests, relating to widely varying subjects, such as licensing, patent applications and prosecution, publications, and documents discussing indium tin oxide (ITO). Lumileds will be shut down during the week of December 22, and will be staffed with only essential personnel, such as manufacturing personnel, during the week of December 29. Aside from the scheduled shut down at Lumileds, numerous people both at Lumileds and Pennie & Edmonds LLP have scheduled vacations around the holidays, which will make gathering, reviewing, copying, and producing documents difficult.

In the meet and confer regarding this dispute, Epistar has demanded that the documents be produced by December 12, 2003. Epistar provides little, if any, acknowledgment that the Thanksgiving, Christmas, and New Years holidays may delay Lumileds' production. Indeed, in the meet and confer regarding the schedule for Lumileds' production, Lawrence LaPorte questioned if Lumileds' counsel even celebrated Christmas, and stated that Christmas justifies only a <u>one day</u> delay in production.

To justify its demand that the documents be produced in less than a week, Epistar has mistakenly contended that the documents to be produced are already in the files of Pennie & Edmonds LLP, as a result of Lumileds' previous litigation against UEC. Actually, few, if any, of

LUMILEDS' PROPOSED
PRODUCTION SCHEDULE
CASE NO. C 02-05077 CW (PVT)          - 1 -                                            CA1: 362978.1

the documents were produced in the UEC Case. Most, if not all, of the documents were not produced or requested in that case, and must be gathered from Lumileds' employees.

Also, Epistar has misleadingly justified its proposed schedule based on the discovery cutoff for claim construction, which is technically set for December 17, 2003. Judge Wilken, however, stated prior to the November 24, 2003 hearing on the various discovery motions that she was inclined to grant a 30-day extension of all claim construction deadlines if this Court ordered further discovery in that hearing. (Order Re; Epistar's Motion to Enlarge Time for the Claim Construction Deadlines, dated November 12, 2003). Since the Court did order further discovery by both sides at that hearing, it is likely that Judge Wilken will extend the December 17 deadline by 30 days.[1] Further, Lumileds has proposed a 30-day extension of the claim construction deadlines, along with a 45-day extension of the deadline for claim construction discovery, so long as Lumileds' Rule 30(b)(6) deposition is completed during the week of January 5. In short, Epistar has no real need to obtain the documents by December 12, and the Court should adopt Lumileds' far more reasonable schedule.

Dated: December 6, 2003

Respectfully submitted,

_____
Michael J. Lyons (CA Bar No. 202284)
Andrew J. Wu (CA Bar No. 214442)
Stacey E. Stillman (CA Bar No. 197459)
Dieter H. Hellmoldt (CA Bar No. 221498)
PENNIE & EDMONDS LLP
3300 Hillview Avenue
Palo Alto, California 94304
(650) 493-4935

Attorneys for Plaintiff,
Lumileds Lighting U.S., LLC

---

[1] While Epistar demands Lumileds produce its documents by December 12, 2003, Epistar refuses to provide any date certain when it will produce the wafer samples and opinions of counsel it was ordered to produce. Epistar should not be allowed to force Lumileds to adhere to an unreasonably short production schedule while refusing to meet its own burden of production.

## CERTIFICATE OF SERVICE

I am employed in the City of Palo Alto, County of Santa Clara, State of California, I am over the age of 18 years and not a party to the within action. My business address is 3300 Hillview Avenue, Palo Alto, California 94304. On December 6, 2003, I caused copies of the attached document(s) described as follows:

**LUMILEDS LIGHTING U.S., LLC'S PROPOSED DOCUMENT PRODUCTION SCHEDULE PURSUANT TO THE NOVEMBER 25, 2003 ORDER RE: DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS**

to be electronically filed in the Court's ECF system and served on:

Robert C. Weiss, Esq.
Lawrence R. LaPorte, Esq.
Omer Salik, Esq.
JONES DAY
555 West Fifth Street, Suite 4600
Los Angeles, California 90013-1025
Fax: 213-243-2539

____ (BY OVERNIGHT DELIVERY) I caused each such envelope to the addressee(s) noted above, with charges fully prepaid, to be sent by overnight delivery from Palo Alto, California. I am readily familiar with the practice of Pennie & Edmonds LLP for collection and processing of correspondence for overnight delivery, said practice being that in the ordinary course of business, mail is placed with the overnight delivery service on the same day as it is placed for collection.

____ (BY FIRST CLASS MAIL) I caused each such envelope to the addressee(s) noted above, with postage thereon fully prepaid, to be placed in the United States mail in Palo Alto, California. I am readily familiar with the practice of Pennie & Edmonds LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business mail is deposited in the United States Postal Service the same date as it is placed for collection.

____ (BY PERSONAL SERVICE) The person whose name is noted below caused to be delivered by hand each such envelope to the addressee(s) noted above.

____ (BY FACSIMILE) The person whose name is noted below caused to be transmitted by facsimile each such document to the addressee(s) noted above.

__X__ (BY ELECTRONIC MAIL) The person whose name is noted below caused to be transmitted by electronic mail each such document to the addressee(s) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Palo Alto, California, on __12/06/03__, 2003.

James H. Phan