Robert C. Weiss (State Bar No. 39929)
Lawrence R. LaPorte (State Bar No. 130003)
Michelle C. Kim (State Bar No. 217375)
Omer Salik (State Bar No. 223056)
JONES DAY
555 West Fifth Street, Suite 4600
Los Angeles, CA  90013-1025
Telephone:    (213) 489-3939
Facsimile:    (213) 243-2539

Attorneys for Defendant and Counterclaim Plaintiff
EPISTAR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUMILEDS LIGHTING U.S., LLC,** | **Case No. C 02-5077 CW (PVT)** |
| **Plaintiff,** | **EPISTAR'S REPLY TO LUMILEDS' OPPOSITION TO EPISTAR'S MOTION FOR RECONSIDERATION** |
| v. | |
| **EPISTAR CORPORATION,** | |
| **Defendant.** | |

## I.     INTRODUCTION

On November 12, 2003, this Court issued its Order granting Epistar's motion for leave to file a motion for reconsideration and took under submission Lumileds' motion to dismiss Epistar's counterclaims.

Epistar is seeking reconsideration by this Court of its August 13, 2003 Order dismissing Epistar's counterclaims for interference with contract and unfair competition.  The uncontroverted facts of record clearly establish the existence of a contract between Epistar and Citizen whereby Epistar would have sole control over the defense and settlement of Lumileds' infringement claim against Citizen if Citizen requested Epistar to assume responsibility for resolving the dispute relating to Lumileds' claim of infringement.

In opposition to Epistar's motion for reconsideration, Lumileds fails to explain how the agreements are not reasonably susceptible to Epistar's interpretation or how the extrinsic evidence is in any way inconsistent with Epistar's interpretation.  Lumileds also fails to proffer any evidence in support of its interpretation of the agreements.  Because the extrinsic evidence of record present issues of material facts as to the parties intent, Epistar's interference with contract counterclaims cannot be adjudicated on either a motion for judgment on the pleadings or a motion for summary judgment.

Epistar has set forth material new factual allegations in its *First Amended Answer and Counterclaim*, filed September 2, 2003, which were not considered by this Court in its August 13th Order.  In the November 12th Order, the Court stated that Epistar's amended answer was not properly filed and that "[e]ven if the amended answer was filed in reliance on Court's comments at the hearing, it was not proper to base it on a theory the Court had rejected."

Epistar's interference with contract counterclaims are now supported by detailed factual allegations and evidence as to the parties intent under the agreements, the parties' subsequent acts and conduct under the agreements, and Lumileds' bad-faith conduct in inducing Citizen's breach of the agreements.  (*Epistar's First Amended Answer*, at ¶¶ 37-47, 50, and 77-93)  To the extent that the "theory the Court had rejected" refers to the factual allegations underlying Epistar's

counterclaims, considered by the Court in the July 11th hearing and the August 13th Order, Epistar's *First Amended Answer* is not based on the same theory that this Court had rejected.

Moreover, this Court granted Epistar leave to amend its answer to assert its patent misuse and unclean hands defenses. Accordingly, Epistar's First Amended Answer also contains factual allegations pertinent to its patent misuse and unclean hands defenses, including Lumileds' anticompetitive conduct at (*Id*. at ¶¶ 26-28) and its coercive business dealings with its competitor's customers and with Epistar, such as Lumileds' attempts to coerce Epistar into a license agreement which required the payment of royalties on Epistar LED products beyond the territorial limits of the '718 patent (*Id.* at ¶¶ 32-36, 44) In light of these new allegations, Epistar's unfair competition counterclaims are properly supported by the factual allegations pertaining to its interference with contract counterclaims <u>and</u> its patent misuse and unclean hands defenses, now allowed by this Court.

## II. EPISTAR'S MOTION FOR RECONSIDERATION SHOULD BE GRANTED BECAUSE THE UNCONTROVERTED FACTS ESTABLISH THE PARTIES' INTENT TO GIVE EPISTAR SOLE CONTROL OVER THE DEFENSE AND SETTLEMENT OF LUMILEDS' INFRINGEMENT CLAIM AGAINST CITIZEN.

The uncontroverted facts clearly establish the intent of Citizen and Epistar that Epistar would have sole control over the defense and settlement of Lumileds' infringement claim against Citizen once Citizen requested Epistar to assume responsibility with respect to resolving Lumileds' claim of infringement against Citizen arising from Epistar's products. In its opposition brief, Lumileds has failed to proffer evidence contradicting this intent. The only extrinsic evidence that Lumileds submits are two letters from Citizen's counsel dated in March of 2003, interpreting the agreements at issue here. However, these self-serving letters were sent to Epistar's counsel <u>after</u> the commencement of this action and <u>after</u> the dispute arose regarding the interpretation of the agreements. Under the circumstances, the self-serving interpretation of the agreements by Citizen's counsel are not probative to the parties' intent. *See U.S. Cellular Inv. Co. v. GTE Mobilnet, Inc.*, 281 F.3d 929, 937 (9th Cir. 2002) ("The construction given the contract by the acts and conduct of the parties...***before any controversy has arisen as to its meaning***, is entitled great weight and will, when reasonable, be adopted by the court").

**A.      The Extrinsic Evidence Clearly Establishes An Intent That Is Consistent With Epistar's Interpretation Of The Agreements.**

Epistar initially submitted three letters from Citizen in its opposition to Lumileds' motion for partial judgment on the pleadings.  (Lee Decl., Exhs. 3, 4 & 5)  These letters clearly support Epistar's interpretation of Citizen's contractual obligation.

In one letter, Citizen specifically confirmed the clear agreement that was reached between Epistar and Citizen:

> ***Epistar Corporation and Citizen Electronics Co. have agreed that in case of patent disputes with a third party Epistar Corporation should be responsible to deal and settle with them*** on the basis of "the purchase agreement" dated July 10, 2000, "the intellectual property warranty" dated May 30, 2002, ***and the mutual consent between us on June 14, 2002***.
>
> According to the counsel upon the above contract etc. by our corporation advisor and patent attorney, ***we would like you to confirm that you will undertake to deal with Lumileds Co. to settle this problem***.  (Lee Decl., Exh. 3 ) (emphasis added)

The agreement between the parties here could be no clearer: Epistar agreed to assume responsibility for defending and settling Lumileds' infringement charge against Citizen.  (See also Lee Decl., at ¶¶ 7-11)  In exchange, Citizen agreed to give Epistar sole control over the defense and settlement of the matter.  (See also Lee Decl., ¶ 8-10)

Citizen then informed Lumileds that Epistar would be responsible for defending and settling Lumileds' claim against Citizen and Citizen instructed Lumileds to deal directly with Epistar:

> The LEDs at issue are purchased from Epistar Corp., using which we assemble lamp packages.  We have made "Purchase Agreement" and "Intellectual Property Warranty" with Epistar Corp., in which ***it is confirmed that they should be responsible in case of patent disputes regarding LEDs***.
>
> ***Your full understanding of the relationship between Epistar Corp. and Citizen Elec. would be most appreciated.  We hope this will come to an early and friendly settlement between you and Epistar.***  (Lee Decl., Exh. 5) (emphasis added)

In fact, Citizen had previously informed Lumileds of its agreement with Epistar and instructed Lumileds to deal directly with Epistar:

EPISTAR'S REPLY
MOTION FOR RECONSIDERATION
C 02-5077 CW (PVT)

The LED you pointed out is a product of Epistar Corporation in Taiwan, who has given to us a guarantee regarding the patent. ***Therefore we asked them to deal with this issue, and received their reply that they are ready to negotiate with you using their best efforts to settle this issue.***

***As this is the case, you are requested to negotiate directly with Epistar Corporation regarding the patent No. 5,008,718 you own.*** (Lee Decl., Exh. 4) (emphasis added).

The three Citizen letters clearly establish the existence of a contractual obligation on Citizen to give Epistar sole control over Citizen's defense and settlement of Lumileds' infringement claim.

Lumileds argues that the agreements granted Citizen "the <u>right</u> but not the <u>obligation</u> to demand that Epistar defend the patent infringement action brought by Lumileds." (Lumileds' Opposition Brief, at 11) Citizen, however, exercised that right and did demand that Epistar defend Citizen against Lumileds' claim for patent infringement. Having made this demand, Citizen was under a contractual obligation to give sole control to Epistar over the defense and settlement of Lumileds' infringement claim. (Lee Decl., ¶ 8-10) This is consistent with the plain language of the agreements and with the extrinsic evidence relating to the intent of the parties.

Epistar also submitted additional extrinsic evidence in support of its motion for reconsideration which further demonstrated the parties intent and Citizen's contractual obligation under the agreements and which is consistent with Epistar's interpretation. [1] This evidence also showed that Epistar did, in fact, undertake to negotiate a settlement of Lumileds' infringement claim against Citizen with the understanding that Epistar retained sole control to do so, and that Lumileds, in bad faith, coerced Citizen to breach its contractual obligations with Epistar and enter into settlement negotiations with Lumileds. As a result of these negotiations and the subsequent settlement, Citizen ceased purchasing products from Epistar.

In addition to the extrinsic evidence already of record, Epistar now submits the declaration of Epistar's President, B.J. Lee ("Lee Decl."). Mr. Lee was responsible for negotiating and

---

[1] Lumileds argues three of Epistar's exhibits, submitted with its reconsideration motion, were available to Epistar before the July 11 hearing and August 13 Order. (Lumileds' Opposition, at pp. 9-10) However, Epistar never specifically identified the three exhibits (Reconsideration Motion, Kim Decl., Exhs. 1, 6 and 10) as newly discovered, but referenced them in "[t]he general description of some of these documents" (referring to the newly discovered evidence) to give proper context to the facts contained in the new exhibits. (Epistar's Reconsideration Motion, at p. 8).

entering into the agreements with Citizen on behalf of Epistar and Mr. Lee's declaration details the parties' intent and the circumstances under which Epistar and Citizen entered into the agreements.

**B.      The Extrinsic Evidence As To The Parties' Intent Should Not Be Excluded.**

Under the controlling authority of *Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, the California Supreme Court stated that "the meaning of a writing can only be found ***by interpretation in light of all the circumstances*** that reveal the sense in which the writer used the words.  The exclusion of parol evidence regarding such circumstances merely because the words do not appear ambiguous to the reader can easily lead to the attribution to a written instrument of a meaning that was never intended."  *Pacific Gas*, 69 Cal.2d 33, 38-39 (1968) (citations omitted)

In its opposition brief, Lumileds relies solely on the Court's interpretation of the four-corners of the Purchase Agreement and the Intellectual Property Warranty and argues that the Court did, in fact, properly consider and exclude the extrinsic evidence proffered by Epistar. However, Lumileds completely fails to explain how the agreements are not reasonably susceptible to Epistar's interpretation and presents no credible evidence in support of its own interpretation of the agreements.

Furthermore, even assuming that the Court properly engaged in a preliminary review of the extrinsic evidence, however, the exclusion of that evidence in construing the agreements was improper because the uncontroverted facts clearly establish an intent that is contrary to the Court's interpretation of the plain meaning of the agreements.  "***If [the extrinsic] evidence raises the specter of ambiguity*** where there was none before, the contract language is displaced" and the intention of the parties must be ascertained from extrinsic evidence offered by the parties. *Trident Center v. Connecticut Gen. Life Ins. Co.*, 847 F.2d 564, 569 (9th Cir. 1988).

Lumileds relies upon *U.S. Cellular* and argues that under "facts strikingly similar to those of the instant case," the district court's exclusion of extrinsic evidence was upheld.  (Lumileds' Opposition Brief, at 8)  Contrary to Lumileds' assertions, the factual basis of the Ninth Circuit's decision in *U.S. Cellular* is entirely distinguishable from the facts in this case.  In *U.S. Cellular*,

*the* exclusion of extrinsic evidence was based on the Court's findings that the proffered contractual interpretation was contrary to the "clear California law" squarely interpreting the very same contractual provision at issue. *U.S. Cellular,* 281 F.3d at 935, 936, and 939. In contrast, there is no case law interpreting the contractual provision at issue here which is contrary to Epistar's proffered interpretation.

The Court's holding in *U.S. Cellular* was further based on its finding that the proffered interpretation was contrary to the parties' subsequent acts and conduct. *Id.* at 938. Lumileds, without any supporting authority, improperly argues that the extrinsic evidence should be excluded because they "post-date" the Intellectual Property Warranty and are thus "uninformative regarding the parties' intent at the time of contracting." (Lumileds' Opposition Brief, at p. 12) Lumileds' position is entirely unsupported by the law. In fact, *U.S. Cellular* stated that evidence of the parties subsequent acts and conduct can be given great weight:

> The construction given the contract by the acts and conduct of the parties with knowledge of its terms, before any controversy has arisen as to its meaning, is entitled to great weight and will, when reasonable, be adopted and enforced by the court.

*Id.* at 937. (citations omitted) Lumileds has adopted its unsupportable argument because it cannot show that the parties' subsequent acts and conduct are inconsistent with Epistar's proffered interpretation.

Lumileds attempts to mislead the Court in stating that "the Ninth Circuit in *U.S. Cellular* held that examination of the parties' conduct was unnecessary because the contract was unambiguous." (Lumileds' Opposition Brief, at p. 9) The Court in *U.S. Cellular* did, in fact, consider evidence of the parties' subsequent acts and conduct and excluded this evidence after finding that this conduct was contrary to the plaintiff's proffered interpretation of the contract. *U.S. Cellular*, 281 F.3d at 938.

While Lumileds improperly maintains that evidence of the subsequent conduct of Epistar and Citizen should be excluded because they "post-date" the agreement, the test is whether the conduct occurred prior to any dispute regarding the interpretation of the contract. The acts and conduct relied upon by Epistar all occurred prior to any dispute relating to the interpretation of

1   the agreements.  On the other hand, Lumileds attempts to support its own interpretation of the

2   contract with two letters dated March of 2003 from Citizen's counsel, which is dated well after a

3   dispute had arisen.

4   **III.    EPISTAR'S COUNTERCLAIMS CANNOT BE RESOLVED ON A MOTION FOR JUDGMENT ON THE PLEADINGS OR ON A MOTION FOR SUMMARY JUDGMENT.**

5           The extrinsic evidence of record present issues of material facts as to the parties intent.

6   These material facts preclude dismissal of Epistar's interference with contract counterclaims on a

7   motion for judgment on the pleadings.  As indicated above and under the rule of law announced

8   by the California Supreme Court in *Pacific Gas*, this Court is required to consider evidence

9   relevant to the parties' intent.  This is true regardless of whether the Court considers the plain

10  language of the contract to be clear.  *Trident Center*, 847 F.2d at 569.  The agreements are

11  reasonably susceptible to Epistar's interpretation, which is supported by the extrinsic evidence of

12  record as to the parties' intent, and Lumileds fails to rebut or offer any evidence in support of its

13  interpretation. "A plaintiff is not entitled to judgment on the pleadings if the answer raises issues

14  of fact or an affirmative defense which, if proved, would defeat plaintiff's recovery."  *Qwest*

15  *Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002).

16          In the event that this Court converts Lumileds' motion for partial judgment on the

17  pleadings to a motion for summary judgment, the Court should consider the unrebutted Lee

18  declaration submitted herewith.  The extrinsic evidence proffered by Epistar supporting the

19  parties intent under the contract is unrebutted.  This evidence establishes the existence of a

20  contract whereby Epistar would have sole control over the defense and settlement of Lumileds'

21  infringement claim against Citizen if Citizen requested Epistar to assume responsibility for

22  resolving the dispute relating to Lumileds' claim of infringement.

23          "[S]ummary judgment will not be granted if issues are presented involving an inquiry into

24  the state of mind of any contracting parties."  10B Wright, Miller & Kane, Federal Practice and

25  Procedure: Civil 3d § 2730.1 at 44.  "Under California law…the interpretation of contract terms

26  generally, is a question of intent of the parties and is typically a question of fact for the jury."

27  *Orion Tire Corp. v. China Tire Holding Ltd.*, 268 F.3d 1133, 1138 (9th Cir. 2001) (reversing the

28

EPISTAR'S REPLY
MOTION FOR RECONSIDERATION
C 02-5077 CW (PVT)

1    grant of summary judgment because there was a triable issue as to the parties' intent under the

2    contract).

3         Furthermore, Epistar requests time for discovery under Rule 56(f) of the Federal Rules of

4    Civil Procedure.  Rule 56(f) provides that "should it appear from the affidavit of a party opposing

5    the motion that the party cannot for reasons stated present by affidavit facts essential to justify the

6    party's opposition, the court…may order a continuance to permit affidavits to be obtained or

7    depositions to be taken or discovery to be had."  Fed. R. Civ. P. 56(f).  A Rule 56(f) applicant is

8    entitled to relief if he or she shows, among other things, that the discovery would uncover specific

9    facts which would preclude summary judgment.  *Maljack Prods. v. Goodtimes Home Video*

10   *Corp.*, 81 F. 3d 881, 888 (9th Cir. 1996).

11        Lumileds has disputed the interpretation of the agreements entered into between Epistar

12   and Citizen.  Certain evidence supporting Epistar's interpretation of those agreements is Citizen's

13   acts and conduct after the agreements were entered into, but before any dispute arose regarding

14   the interpretation of the agreements.  As discussed above, these subsequent acts and conduct can

15   properly be considered by the Court when interpreting a contract.  *U.S. Cellular*, 281 F.3d at 939.

16   Certain of these acts and conduct involved communications between Citizen and Lumileds.

17        Evidence relating to these communications between Citizen and Lumileds is in the

18   possession of Lumileds and Citizen.  (Salik Decl., ¶ 5)  Because Lumileds has refused to produce

19   documents relating to the settlement of Lumileds' infringement claim against Citizen, Epistar has

20   been unable to obtain adequate discovery regarding Citizen's acts and conduct after it entered into

21   its agreements with Epistar.  (*Id*.)  Epistar has requested that Lumileds provide Epistar with these

22   documents since January 2003 and certain of Epistar's June 6, 2003 document requests were

23   directed towards these documents.  (*Id*. at ¶ 6)  Furthermore, these documents were in part the

24   subject of Epistar's September 22, 2003 Motion to Compel the Production of Documents and

25   Things ("Motion to Compel"), which Judge Trumbull granted in relevant part on November 26,

26   2003.  (*Id.* at ¶ 7)

27        On December 8, 2003, Judge Trumbull Ordered that Lumileds produce documents by

28   January 9, 2004, including documents responsive to those requests seeking documents relating to

1   the settlement of Lumileds' infringement claim against Citizen.  (*Id*. at ¶ 8)  Lumileds indicated,

2   during a December 4, 2003 meet and confer, that Lumileds did not intend to produce documents

3   relating to Lumileds' settlement with Citizen, despite Judge Trumbull's Order.  (*Id.*)  Therefore,

4   to the extent Lumileds has documents relating to communications with Citizen concerning the

5   settlement of Lumileds' infringement claims against Citizen, such documents will not be

6   produced until January 9, 2004 or later, depending on whether Lumileds persists in its refusal to

7   produce such documents.  (*Id.*)

8        Moreover, Epistar has not yet been able to conduct discovery on Citizen.  (*Id.* at ¶ 5)

9   Epistar believes that further discovery into Citizen's acts and conduct after it entered into its

10  agreements with Epistar will further support Epistar's interpretation of those agreements.  (*Id.* at

11  ¶ 9)  Under the current Case Management Order, Epistar has until July 20, 2004 to complete fact

12  discovery. [2]

13  **IV.    CONCLUSION**

14       For the foregoing reasons, Epistar's Motion for Reconsideration should be granted.  In the

15  event that this Court should deny any part of this motion, Epistar respectfully requests this Court

16  to allow Epistar to file a second amended answer, consistent with the Court's Order on this instant

17  motion.

18  Dated: December 10, 2003                    JONES DAY

19

20                                             By: /s/ Michelle C. Kim
                                                    _____
21                                                  Michelle C. Kim

22                                             Attorneys for Defendant and
                                               Counterclaim Plaintiff
23                                             EPISTAR CORPORATION

24

25

26

27  _____
        [2] Concurrently filed herewith is the Declaration of Omer Salik in Support of Epistar
28  Corporation's Motion for Reconsideration and Pursuant to Rule 56(f) of the Federal Rules of Civil
    Procedure ("Salik Decl."), which sets forth Epistar's basis for its request under Rule 56(f).

**PROOF OF SERVICE**

I, Michelle C. Kim, declare:

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 555 West Fifth Street, Suite 4600, Los Angeles, California  90013-1025.  On December 10, 2003, I served a copy of the within document(s):

**EPISTAR'S REPLY TO LUMILEDS' OPPOSITION TO EPISTAR'S MOTION FOR RECONSIDERATION**

**DECLARATION OF B.J. LEE IN SUPPORT OF EPISTAR CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION**

**DECLARATION OF OMER SALIK IN SUPPORT OF EPISTAR CORPORATION'S MOTION FOR RECONSIDERATION AND PURSUANT TO RULE 56(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

☒  by transmitting via e-mail the document(s) listed above to e-mail address(es) set forth below on this date.

☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, at Los Angeles, California addressed as set forth below.

> Michael J. Lyons, Esq.
> Andrew J. Wu, Esq.
> Stacey E. Stillman, Esq.
> PENNIE & EDMONDS LLP
> 3300 Hillview Avenue
> Palo Alto, CA  94304
> lyonsm@pennie.com, wua@pennie.com, sstillman@pennie.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this 10th day of December 2003, at Los Angeles, California.

/s/ Michelle C. Kim
Michelle C. Kim

LAI-2075053v1

11

EPISTAR'S REPLY
MOTION FOR RECONSIDERATION
C 02-5077 CW (PVT)